IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CR-704-SEP |
| | ) | |
| RYAN Z. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant Ryan Smith ("Ryan") never met his father. He never played baseball with his dad. He never got to go to a Blues game with his father, despite being a huge fan.  He never laughed with his father over so-called "Dad jokes." Ryan grew up jealous of his friends who had fathers. He would watch sitcoms on T.V. and wonder why he couldn't have a dad in his life. He ached for a relationship with his father. Sadly, Ryan has never even heard a word of fatherly encouragement from any man in his life.

Ryan did have his mother in his life for a few years. However, she suffered from multiple sclerosis so severe that Ryan spent a great deal of his time with her taking care of her, rather than the normal situation where a mother takes care of the child. Unfortunately, Ryan's mother passed away when he was ten years old. Ryan was devasted.

It is hard enough for anyone to grow up without parental guidance in one's preteen years.[1] It is almost a guarantee of poor life outcomes when a preteen boy grows up without any parental guidance in the drug-infested and dangerous streets of north Saint Louis. With no parents at the age of ten, Ryan looked for guidance outside of the home. Unfortunately, the streets do not teach productive lessons. Ryan was largely left to his own devices to become a man. He ended up dropping out of high school at fifteen.

And now Ryan, a grown man, stands before this Honorable Court having spent the bulk of his life making poor, misguided, "young boy" decisions. Ryan has an extensive criminal history. He is not asking the Court to excuse his past. The advisory guidelines range in this case takes full account of Ryan's criminal past. He stands before this Honorable Court ready to take responsibility for his choices.

Ryan has made some positive achievements in his life. Despite dropping out of high school in 2007, Ryan achieved his G.E.D. five years later in 2012. Ryan recognized that having a high school equivalency degree was important to gain any sort of legitimate occupation and so he swallowed his pride, studied diligently, and earned his G.E.D. He also obtained training as a barber and worked as an apprentice for a while in a barbershop. Most importantly, Ryan has also been blessed with three children. Ryan hopes to gain some occupational skills in the Bureau of Prisons and rejoin his family as a provider and nurturer.

---

[1] *See* Luecken and Roubinov, *Pathways To Lifespan Health Following Childhood Parental Death*, Soc Personal Psychol Compass. 2012 March 1; 6(3): 243–257 attached hereto as Exhibit A.

2

One question a sentencing judge will undoubtedly ask is whether there is any indication that the defendant will learn his lesson, seek rehabilitation, and refrain from recidivist conduct. Ryan has learned a powerful lesson in accountability over the last several months. Due to his conduct in this case and his past, he was given pretrial detention. While in pretrial detention, his sister died from kidney failure. Ryan was supposed to get tested to see whether he could serve as a kidney donor, but her condition deteriorated too quickly. His grandmother is elderly and sickly and she is now caring for the deceased sister's three young children. His grandmother does not have the strength to even come to Court for Ryan yet she is alone taking care of three young children. Ryan despairs not being there for his family. He is angry but he knows he has no one to blame but himself.  He also recalls how he felt growing up without a father and he feels deep anguish knowing that he is putting his children through the exact same anguish he felt as a child.

So, Ryan accepts responsibility for his decision and the repercussions of his actions. He understands federal law prohibits him from possessing any firearm and doing so will return him to prison. Having gone through his guidelines, Ryan sees how federal sentencing works and recognizes it is much more stern than state sentencing. Ryan understands if he ever possesses a firearm again, he will go to prison for a very long time. He endeavors to never put himself in a position again where he is absent from the lives of the only people he has left.

For all the reasons stated above, Defendant Ryan Smith requests this Honorable Court sentence him to fifty-one (51) months incarceration as a sufficient,

yet not greater than necessary sentence to fulfill the objectives of 18 U.S.C. §

3553(a).

Dated: May 27, 2021

<div style="margin-left: 40%;">

Respectfully submitted,

/s/ Mohammed G. Ahmed
MOHAMMED G. AHMED
Assistant Federal Public Defender
Bar No. 6285612 IL
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Mohammed_Ahmed@fd.org
ATTORNEY FOR DEFENDANT

</div>

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 27, 2021, the foregoing was filed electronically with the Clerk of the Court and a separate copy was emailed directly to Mr. Donald Boyce, Assistant United States Attorney.


/s/ Mohammed G. Ahmed
MOHAMMED G. AHMED
Assistant Federal Public Defender

5